Appeal from a resentence of the Monroe County Court (James J. Piampiano, J.), rendered March 10, 2011. Defendant was resentenced upon his conviction of burglary in the second degree.
It is hereby ordered that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a resentence imposing a period of postrelease supervision that had been omitted from the original sentence imposed upon his conviction of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant’s contention that the resentence violated the constitutional prohibition against double jeopardy. Defendant had not completed serving his original sentence at the time of resentencing, and thus “the Double Jeopardy Clause did not bar County Court from resentencing him to impose the required period of postrelease supervision” (People v Nunes, 89 AD3d 1559, 1560 [2011], lv denied 18 NY3d 885 [2012]; see People v Williams, 14 NY3d 198, 217 [2010], cert denied 562 US 947 [2010]).
Present — Scudder, P.J., Smith, Carni, Sconiers and Whalen, JJ.